IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO. MO-05-CR-254 |
| | ) | |
| RICKIE ALLEN OSBORN | ) | |

## PLEA AGREEMENT

I, RICKIE ALLEN OSBORN, and the United States Department of Justice, by the United States Attorney's Office for the Western District of Texas (hereafter "the Government"), enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure:

### The Defendant's Promises

1. I agree to plead guilty to Count One (1) of the above-captioned indictment, which charges me with using a facility in interstate commerce, specifically the Internet, to knowingly attempt to persuade, induce, and entice a person who had not attained the age of 18 years to engage in sexual activity for which I could be charged with violating Tex. Penal Code § 22.021 (aggravated sexual assault) and/or Tex. Penal Code § 21.11 (indecency with a child), all in violation of Title 18, United States Code, Section 2422(b). This offense occurred in the Western District of Texas and elsewhere between November and December 2004. I agree that the minimum (if any) and maximum penalties as to Count One are as follows:

| | | |
|---|---|---|
| a. | Minimum prison sentence | 5 years |
| b. | Maximum prison sentence | 30 years |
| c. | Maximum fine | $250,000 |
| d. | Maximum supervised release term | Life |



   e.  Mandatory special assessment  $100

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true:

On November 9, 2004, in Midland, Texas, an undercover police officer employed by the Texas Attorney General's Office created an online identity of a 13 year old female child named "Destiny." Employing the screen name of "destinyis13and bored", she entered a Yahoo chatroom entitled "Daddies and Daughters". After a few minutes, a person using the screen name of "because_im_the_daddy_thats_why" initiated an instant messaging conversation with "Destiny". That person was me.

Over the next several days in November 2004, and on one occasion in December 2004, I had extensive instant message conversations with "Destiny". These conversations were sexually explicit, in which I consistently expressed my desire to engage in sexual activity with "Destiny" and inquired of her desire to do so. Among the sexual topics I asked "Destiny" about was whether she was interested in touching my genitalia and whether she would be willing to allow me to perform oral sex on her. The undercover officer, or "Destiny," was located in the Western District of Texas during all of these instant message sessions.

During one of the instant message sessions, I also sent "Destiny" a web-cam feed of a close-up view of my genitalia.

After a few months, when police officers were able to subpoena information from Yahoo adequate to identify me as "because_im_the_daddy_thats_why", I was interviewed by Sgt. Katherine Smith of the Texas Attorney General's Office in Breckenridge, Texas. I admitted to my Yahoo screen name and further admitted to communicating over the Internet in a sexually explicit

manner with "Destiny"and others I believed to be minor females.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the Government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal my sentence. I waive any right I may have to assert the attorney-client privilege by declining to answer any questions asked of me at any trial or hearing by an attorney for the Government, a pro se defendant, or counsel for any other defendant in any case or matter in which I am cooperating with the Government pursuant to this agreement.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated, or that the prosecutor engaged in misconduct of a constitutional dimension. I further agree that, as a consequence of this plea agreement, I am not a "prevailing party"for the purpose of seeking attorneys' fees under Pub.L. No. 105-119, Section 617 (the "Hyde Amendment"), and I waive any and all claims against the Government under this law.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered.

7. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the Government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender

assets I obtained as a result of my crimes, and release any of my funds and my property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

8. I agree and understand that my sentence will be determined by the Court. I understand that in determining my sentence, the Court will carefully consider and heavily weigh the United States Sentencing Guidelines, even though the Guidelines will not bind the Court. I understand that part of the sentencing process under the United States Sentencing Guidelines will be an assessment of "relevant conduct," that is, all conduct related to child exploitation in which I have been involved, whether or not I was convicted of charges related to that conduct, and even whether or not I was charged with any criminal offense related to that conduct. If my attorney has predicted what my sentence might be, I know that prediction is only an educated guess, and that my sentence might be more severe than my attorney and I contemplate or think is justified. Even if the sentence is worse than I expect, I understand that I will nonetheless be barred from withdrawing my guilty plea or appealing my sentence.

9. I will cooperate with the U.S. Attorney's Office before and after I am sentenced. My cooperation will include, but will not be limited to, the following:

    a. I will respond truthfully and completely to any and all questions put to me, whether in interviews, before a grand jury or at any trial or other proceeding;

    b. I will provide all documents and other material asked for by the Government;

    c. I will testify truthfully at any grand jury, court or other proceeding as requested by the Government, including in any non-criminal federal proceeding or any state proceeding;

    d. Should the Government bring a forfeiture action, I will surrender any and

all assets acquired or obtained directly or indirectly as a result of my illegal conduct as set forth above.

  e. I will request continuances of my sentencing date, as necessary, until my cooperation is completed;

  f. I will tell the Government about any contacts I may have personally with any co-defendants or subjects of investigation, or their attorneys or individuals employed by their attorneys.

10. **Related to my cooperation, I have informed the U.S. Attorney's Office, through counsel, that I am aware of other individuals who are using the Internet to exploit children. Within 30 days of the entering of this plea, I promise to submit to the U.S. Attorney's Office a letter in which I will outline everything I know about the online activities of such individuals, including everything I can remember about their names, screen-names, and/or physical locations. I understand that the Texas Attorney General's Office will review this letter to determine if any of their investigators wish to talk to me further. If I fail to submit such a complete letter within the deadline, I understand and agree that I will forfeit any possibility of a sentence reduction motion from the Government, as contemplated in paragraph 11 of this Agreement.**

11. I agree that the Government's decision whether to file a motion pursuant to U.S.S.G. § 5K1.1, and/or 18 U.S.C. § 3553(e), as described in the Government promises section below, is based on its sole and exclusive decision of whether I have provided substantial assistance and that decision will be binding on me. I understand that the Government's decision to file such a motion, or the extent of the departure recommended by any motion, will not depend on whether convictions are obtained in any case. I also understand that the Court will not be bound by any recommendation made by the Government.

12. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence; violate the terms of my pretrial release (if any); intentionally provide false information or testimony to the Court, the Probation Office, Pretrial Services, or the Government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the Government will be released from all of its promises, but I will not be released from my guilty plea.

13. If I am prosecuted after failing to comply with any promises I made in this Agreement, then: (a) I agree that any statements I made to any law enforcement or other Government agency or in Court, whether or not made pursuant to the cooperation provision of the Agreement, may be used in any way; and (b) I waive any and all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, to suppress or restrict the use of my statements, or any leads derived from those statements.

14. I agree that this Agreement contains all of the promises and agreements between the Government and me, and I will not claim otherwise in the future.

15. I agree that this Agreement binds the United States Attorney's Office for the Western District of Texas only, and does not bind any other federal, state, or local prosecutor's office. **Specifically, I understand that images of alleged child pornography have been located on computers that allegedly belonged to me in Stephenville, Texas. I understand that nothing in this Agreement precludes state and/or federal authorities from prosecuting me for such child pornography-related offenses.**

**The Government's Promises**

16. At sentencing, the Government will dismiss the remaining counts of the Indictment pending against Defendant. The United States Attorney's Office for the Western District of Texas agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the pending indictment.

17. The Government agrees not to use any statements made by the defendant pursuant to this Agreement against him/her, unless the defendant fails to comply with any promises in this Agreement. The Government may, however, provide the defendant's statements to or require the defendant to submit to an interview by any federal or state agency, or require defendant to provide testimony in any federal or state proceeding, so long as defendant's statements may not be used against him/her. The Government may also tell the Court and the U.S. Probation Department about the full extent of the defendant's criminal activities in connection with the calculation of the Sentencing Guidelines.

18. If, in its sole and exclusive judgment, the Government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. § 5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under § 5K1.1 and/or 18 U.S.C. § 3553 that explains the nature and extent of the defendant's cooperation and recommends a downward departure.

19. Provided the Court determines that defendant has clearly accepted responsibility for his/her crimes as set forth in U.S.S.G. § 3E1.1(a), and that defendant's offense level is determined to be 16 or greater, the Government promises to file a motion pursuant to U.S.S.G. § 3E1.1(b) asking the Court to award an additional one (1) level decrease in defendant's offense level as a reward for

defendant's timely plea.

**The Defendant's Affirmations**

20. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he/she has provided me with all the legal advice that I requested.

21. I confirm that while I considered signing this Agreement and, at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

22. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Date: 3-23-06

RICKIE ALLEN OSBORN
Defendant

Date: 3-23-06

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____
JOHN S. KLASSEN
Assistant United States Attorney
State Bar No. 11553500
400 W. Illinois, Suite 1200
Midland, Texas 79701
(432) 686-4110

8

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he/she is giving up by pleading guilty, and based on the information now known to me, his/her decision to plead guilty is knowing and voluntary.

Date: 3-23-06

ALAN HARRIS
Attorney for Defendant